A. Clifford Edwards
Roger W. Frickle
John W. Edwards
EDWARDS, FRICKLE & CULVER
1648 Poly Drive, Suite 206
Billings, Montana 59102
Telephone: (406) 256-8155
Facsimile: (406) 256-8159

CLERK OF THE
DISTRICT COURT
TERRY HALPIN
2018 OCT 15  AM 11 34
FILED
BY
DEPUTY

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
## YELLOWSTONE COUNTY

CUMBERLAND HILL
HOMEOWNERS' ASSOCIATION, aka,
CUMBERLAND HILL TOWNHOME
ASSOCIATION,

Plaintiff,

vs.

QBE INSURANCE CORPORATION,
COMMUNITY ASSOCIATION
UNDERWRITERS OF AMERICA,
INC., and JOHN DOES I-V,

Defendants.

Cause No. DV 18-1589

Judge   Dept. 8

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Cumberland Hill Homeowners' Association, aka, Cumberland Hill Townhome Association, by and through its attorneys of record, Edwards, Frickle & Culver, and for its complaint against the Defendants, QBE Insurance Corporation and Community Association Underwriters of America, Inc., complain and allege as follows:

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. The Plaintiff, Cumberland Hill Homeowners' Association, aka Cumberland Hill Townhome Association, (hereinafter "Cumberland Hill") was at all times relevant hereto a Montana non profit corporation located in Billings, Yellowstone County, Montana.

2. Defendant QBE Insurance Corporation (hereinafter "QBE"), was, at all times relevant hereto, a licensed insurer authorized to transact insurance in the State of Montana.

3. Defendant Community Association Underwriters of America, Inc. (hereinafter "Community") is a foreign profit corporation with its principle place of business in Newtown, Pennsylvania.

4. The true names and capacities of John Does I-V are unknown to the Plaintiff, who therefore sue said Defendants under these fictitious names. On information and belief, Defendants John Does I-V, inclusive, (i) directly participated in or assisted in the performance of the wrongful acts and omissions described herein, although the full extent of their involvement is unknown at this time, OR (ii) conspired with the named parties in this case to perform the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time, OR (iii) acted as principals or agents actual or ostensible, of other named parties in this case in performing the wrongful acts and omissions described below, although the full extent of

their involvement is unknown at this time. Plaintiff thus believes that Defendants John Does I-V, inclusive, are liable for the damages and other relief sought in this case as participants, co-conspirators, principals, or agents, or are otherwise necessary or indispensable parties to adjudication of the issues involved in this case. When the true names and capacities of John Does I-V, inclusive, have been ascertained, appropriate amendments of this Claim will be filed.

5. Cumberland Hill was organized for the purposes of, among other things, administering the Cumberland Hill Townhomes' covenants, restrictions, and easements; ownership and maintenance of common elements; and the promotion of the general welfare and well being of the Cumberland Hill Townhomes to include purchasing property insurance for Cumberland Hill's premises.

6. On February 22, 2016, Cumberland Hill entered into a contract of insurance with Defendants whereby said Defendants insured Cumberland Hill's premises which are located in Billings, Yellowstone County, Montana for, among other things, loss or damage as a result of hail.

7. The Defendants, and each of them, represented and assured Cumberland Hill that in the event of a loss, that the Defendants would pay Cumberland Hill for said loss to Cumberland Hill's premises in conformity with Montana statutes governing such insurance, as well as the insurance contract.

8. Cumberland Hill believed and relied on the promises and representations

of the Defendants, and each of them, who had become bound under Montana law to cover Cumberland Hill's premises pursuant to the insurance contract. The Defendants, and each of them, represented and assured Cumberland Hill that in the event of a loss, that the Defendants would pay for such loss pursuant to Montana law and the contract of insurance. Plaintiff had a right to rely on the Defendants' representations and assurances in making their decision to purchase and pay premiums for the insurance.

9. On or about May 22, 2016, Cumberland Hill's premises were hailed on, suffering measurable damage, and Cumberland Hills promptly submitted a notice of loss to the Defendants on or about May 23, 2016.

10. Subsequently, on or about March 25, 2017, Cumberland Hill submitted an additional notice of loss to Defendants for hail damage to Cumberland Hill's premises as a result of the May 22, 2016, hail storm. However, in spite of Cumberland Hill's demand, the Defendants on April 3, 2018, refused and continue to refuse and thus, wrongfully deny Cumberland Hill's request for payment.

## COUNT ONE

Plaintiff realleges and incorporates by reference the above paragraphs and further allege as follows:

11. Defendants and each of them breached their contract with Cumberland Hill by failing to provide insurance coverage to Cumberland Hill for its loss pursuant to Montana law, the contract of insurance, and as promised and represented by said

Defendants.

12.     As a result of Defendants' wrongful failure to perform pursuant to Montana law, the insurance contract, and as promised and represented, Cumberland Hill has suffered severe financial injury and has otherwise been adversely affected by Defendants' breach of its contract and are liable to Cumberland Hill for all damages available under Montana law.

## COUNT TWO

Plaintiff realleges the allegations of Count One and further alleges as follows:

13.     The contract of insurance between Cumberland Hill and Defendants involved a special relationship as that term is defined under Montana law.

14.     Defendants and each of them had a duty to act honestly and observe reasonable commercial standards of fair dealing in the trade with respect to their contract with Cumberland Hill.

15.     Defendants used their discretion conferred by the contract to act dishonestly and outside of accepted commercial practices. This conduct by Defendants has deprived Cumberland Hill of the benefits of said contract.

16.     Defendants violated their duties and obligation owed to Cumberland Hill by virtue of their insuring agreement and as such breached their contract of insurance with Cumberland Hill by failing to provide insurance coverage to Cumberland Hill for its loss and/or expense pursuant to Montana law, the contract of insurance, and as

promised and represented by Defendants. Defendants' conduct in these regards was malicious as that term is defined in terms of punitive damage law in Montana.

17. As a result of Defendants' wrongful failure to perform pursuant to Montana law, the insurance contract, and as promised and represented, Cumberland Hill has suffered and continues to suffer substantial injury and damage for which Defendants and each of them are liable to Cumberland Hill for all damages available under Montana law including but not limited punitive and compensatory damages.

## COUNT THREE

Plaintiff realleges the allegations of Count One and Two and further alleges as follows:

18. Defendants and each of them have a duty to pay Cumberland Hill the full amount of coverage applicable under the parties' contract of insurance.

19. Defendants were negligent in representing to Cumberland Hill that said insurance companies would pay the full amount of applicable coverage pursuant to the contract of insurance.

20. Defendants' acts and omissions in negligently misrepresenting and/or intentionally supplying false information to Cumberland Hill was done maliciously and with an intentional disregard for the facts which created a high probability that Cumberland Hill would suffer injury and damage. Alternatively, said Defendants deliberately proceeded to act in conscious and intentional disregard or deliberately

proceeded to act with indifference to the high probability of that injury and damage.

21. As a result of the negligence of Defendants, and each of them, Cumberland Hill has suffered and continues to suffer severe injury and damage and is entitled not only to actual damages as shall be proven at trial, but also to punitive damages from Defendants.

## COUNT FOUR

Plaintiff realleges the allegations of Count One, Two, and Three and further alleges as follows:

22. Defendants, and each of them, owed duties to Cumberland Hill, under Montana law, embodied in the Unfair Trade Practices Act, §33-18-201, MCA, et. seq., which governs the conduct and activities of individuals as well as insurance companies in this State.

23. Defendants breached their duties and obligations owed to Cumberland Hill by their violations of Montana's Unfair Trade Practices Act, to include, but not limited to, misrepresenting pertinent facts or policy provisions relating to the coverages at issue; refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to affirm or deny coverage of the claim within a reasonable time; neglecting to attempt in good faith to effectuate prompt, fair, and equitable settlement of the claim in which liability has become reasonably clear.

24. Defendants' actions as described in the preceding paragraphs are and

continue to be malicious, as that word is given efficacy by Montana law, and such malicious breaches of duties and obligations Defendants, and each of them, has owed and continues to owe Cumberland Hill and entitles Cumberland Hill to an award of all compensatory damages allowed by Montana law, as well as punitive damages of sufficient size and monetary amount, under the financial circumstances of Defendants' and their conduct and misconduct in this entire matter, so as to properly discharge and serve the salutary purposes of punitive damages under Montana law.

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, for all damages to which Plaintiff is entitled to under Montana law in such categories and in such amounts as will be furnished Defendants, added by amendment to this complaint, or by amendment to these pleadings by virtue of the Final Pretrial Order. In addition, Plaintiff is entitled to punitive or exemplary damages because of the character of Defendants' wrongful acts and/or omissions in such amounts as seems just and proper to their jury under the circumstances presented at trial.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all of the issues in this action.

DATED this 5th day of October, 2018.

EDWARDS, FRICKLE & CULVER

By: _____
A. Clifford Edwards
Roger W. Frickle
John W. Edwards