FILED
10/7/2019
Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CUMBERLAND HILL HOMEOWNERS' ASSOCIATION, aka Cumberland Hill Townhome Association,<br><br>Plaintiff,<br><br>vs.<br><br>QBE INSURANCE CORPORATION, COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC., JOHN DOES 1-V,<br><br>Defendants. | CV 18-178-BLG-TJC<br><br>**ORDER DENYING MOTION TO STRIKE EXPERT** |

Pending before the Court is Defendants' Motion to Strike Plaintiff's Expert Jerry Jones. (Doc. 28). The motion is fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court finds the motion should be **DENIED**.

I.  **BACKGROUND**

On March 12, 2019, the Court issued a Scheduling Order setting deadlines for expert disclosures. (Doc. 27.) The discovery deadline is currently set for October 23, 2019. (*Id.*)

1

On August 12, 2019, Plaintiff served its expert disclosure on Defendants. (Doc. 29-2.) Plaintiff identified two experts, Jerry Jones and Larry Reed. (*Id.* at 2.) Defendants now move to strike the opinion of Mr. Jones on grounds that his expert disclosure is insufficient under Federal Rule of Civil Procedure 26(a)(2)(B). Defendants argue Mr. Jones' report should be stricken because it does not adequately specify the facts or data he relied upon in forming his opinions. Defendants further point out that Mr. Jones' report does not include a list of all other cases in which he testified as an expert witness during the last four years.

Plaintiff counters that Mr. Jones' report sufficiently sets forth the grounds for his opinion, which includes his knowledge, education, experience, and training; a personal site inspection; and all documents produced during the course of discovery, including the Third Supplemental Claim filed by Plaintiff. Plaintiff also provided a supplemental report from Mr. Jones to clarify the information Mr. Jones used in reaching his opinions. (Doc. 30-2.) Defendants maintain that the supplemental report does not cure the inadequacies in his initial report.

## II. ANALYSIS

Rule 26 provides that written expert reports must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). The Court's Scheduling Order warned that expert reports that do not satisfy Rule 26(a)(2)(B) "may result in exclusion of the expert's opinions at trial." (Doc. 27 at ¶ 7.)

The Court has reviewed Mr. Jones' report and finds that it meets the requirements of Rule 26(a)(2)(B). Although Mr. Jones' discussion of the facts and data he relied upon in reaching his opinions is somewhat slim, it was adequate to advise Defendants of the basis of his conclusions. Further, to the extent the initial report was unclear, Plaintiff has provided a supplemental report that provides additional information about the basis of his opinions. The supplemental report also remedies Mr. Jones' failure to disclose his history of prior testimony by clarifying that he has not testified as an expert in any other cases. Contrary to Defendants' arguments, the Court does not find the supplemental report impermissibly expands Mr. Jones' initial report. Rather, it merely provides more detail about the information he relied upon, such as Bates Numbers for documents he reviewed and the date of his site inspection.

Further, the Court finds that Defendants are not prejudiced by any deficiency in Mr. Jones' report. "The main purpose of Rule 26(a)(2) is to provide notice of expert testimony to the opposing party, enabling that party to prepare rebuttal." *Lindgren v. Holt*, 2001 U.S. Dist. LEXIS 26508, *5-6 (D. Mont. Sept. 26, 2001). According to Plaintiff, Defendants' expert disclosures were not yet due when Mr. Jones provided his supplemental report. As such, Defendants had an opportunity to prepare their rebuttal expert reports. Moreover, the time for discovery has not yet expired. Therefore, if Defendants choose to do so, they may depose Mr. Jones regarding the data and facts underlying his opinions.

The Court declines to strike Mr. Jones as an expert. At trial, however, Mr. Jones' testimony will be limited to the opinions and information he disclosed in his initial and supplemental reports.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Expert Jerry Jones (Doc. 28) is **DENIED**.

**IT IS ORDERED**.

DATED this 7th day of October, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge